**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**I. POSNER, INC., Posner Distributing Corp., and Posner Beauty and Barber Supply Corp., Respondents.**

No. 332, Docket 27342.

United States Court of Appeals Second Circuit.

Submitted April 23, 1962.

Decided July 3, 1962.

Stuart Rothman, General Counsel, N. L. R. B., Washington, D. C., Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Samuel M. Singer and Leo N. McGuire, Attys., N. L. R. B., for petitioner.

Leight, Drimmer & Weinstein, New York City, and Murray A. Frank, Brooklyn, N. Y. (Burton H. Zuckerman, New York City, of counsel), for respondents.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

SMITH, Circuit Judge.

This is a petition of the National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C. § 151 et seq.) for enforcement of its order issued October 30, 1961 against I. Posner, Inc., Posner Distributing Corp., and Posner Beauty and Barber Supply Corp. (reported at 133 NLRB No. 140), directing respondents to reinstate nine striking employees, and to cease and desist from interfering with, restraining or coercing employees engaged in a concerted activity protected by Section 7 by refusing to reinstate such

employees, or in any other way, in violation of Section 8(a) (1) of the Act. The Board also concluded that such refusal was a discrimination with respect to hire or tenure of employment thereby discouraging membership in a labor organization contrary to Section 8(a) (3) of the Act.

 Since there was no claim that the strikers had been replaced the failure of respondent to re-employ the strikers, once put on notice that the employees wished to return to work, was clearly a violation of Sections 8(a) (1) and 8(a) (3). E. g., Mastro Plastics Corp. v. N. L. R. B., 350 U.S. 270, 76 S.Ct. 349, 100 L.Ed. 309 (1956); N. L. R. B. v. Remington Rand, Inc., 130 F.2d 919 (2 Cir. 1942). While there is no claim that the strikers had ever been replaced respondent contends that the demand for reinstatement made by District 65 which was found in a companion case (Case No. 6864) not to represent a majority of the employees was ineffective. This argument is a purely specious one. The union sent a letter on behalf of nine named employees demanding reinstatement and subsequently three of the nine strikers appeared at respondent's premises but were refused employment. Nothing in the Act precludes a minority union from acting as the employee's agent to request reinstatement, see N. L. R. B. v. Sunrise Lumber & Trim Corp., 241 F.2d 620, 625 (2 Cir. 1957), and certainly not where no majority union exists. See Consolidated Edison Co. v. N. L. R. B., 305 U.S. 197, 237, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

The Board in a separate proceeding (Case No. 2669, 133 NLRB No. 142) had found Morales, Simpson and Moore, three of the nine employees named in this reinstatement proceeding guilty of strike misconduct.

The Board reversed the decision of the Trial Examiner that any defenses based upon Case No. 2-CB-2669 [1] are still available to the respondent at the compliance stage and refused to consolidate Case No. 2-CB-2669 (Petitioner's Appendix p. 52, n. 2).

 It appears that the Trial Examiner had informed respondent that any question with respect to certain workers' misconduct which might serve as a defense should be asserted in the compliance stage, and relying thereon respondent did not raise said defense. For the Board to deny respondent an opportunity to present a defense at the compliance stage after the examiner had misled respondent into reserving such defense is plainly incompatible with even the most fundamental notions of procedural fairness. See N. L. R. B. v. Richards, 265 F.2d 855, 862 (3 Cir. 1959).

The order is enforced with respect to all of the named employees except Morales, Simpson and Moore as to whom the case is remanded to the Board for further proceedings in accordance with this opinion.

---

1. The Board held:
   "We disagree with and do not adopt, the Trial Examiner's suggestion that * * * defenses which might have arisen out of the proceeding in Case No. 2-CB-2669. but which were not asserted at any time during the instant proceedings before the Board, are still available to the Respondent." Decision and Order note 1.